## BOGHICH v. LOUISVILLE & N. R. CO.

Circuit Court of Appeals, Fifth Circuit.
May 21, 1928.

No. 5044.

1. **Master and servant** ⬅129(5), 228(1)—Violation of Safety Appliance Acts must proximately cause injury to warrant recovery, and contributory negligence may be so great as to bar recovery (Employers' Liability Act [45 USCA §§ 51–59]).

Showing of violation of Safety Appliance Acts does not alone support recovery under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665); but violation must be the proximate cause of the injury, and contributory negligence of injured employee may be so great as to bar recovery.

2. **Master and servant** ⬅274(7)—Evidence of railroad's rules requiring trains to come to full stop before proceeding over grade crossing of another railroad held admissible in action for death of experienced engineer (Employers' Liability Act [45 USCA §§ 51–59]; Boiler Inspection Act, as amended by Act March 4, 1915 [45 USCA §§ 22–34]).

In action against railroad for death of experienced engineer in collision at grade crossing of another railroad track, under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), on ground of railroad's violation of Boiler Inspection Act, as amended by Act March 4, 1915 (45 USCA §§ 22–34; Comp. St. §§ 8630–8639b), evidence of company's rules requiring all trains to come to a full stop before proceeding over a grade crossing of another road's track, and that deceased's attention had been called to these rules, held admissible.

3. **Master and servant** ⬅296(3)—Instruction on state law requiring trains to stop before making grade crossing of another road held not error, in action for engineer's death (Employers' Liability Act [45 USCA §§ 51–59]; Boiler Inspection Act, as amended by Act March 4, 1915 [45 USCA §§ 22–34]).

In action against railroad for death under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), and Boiler Inspection Act, as amended by Act March 4, 1915 (45 USCA §§ 22–34; Comp. St. §§ 8630–8639b), instruction charging jury on state law requiring trains to stop before making grade crossing of another road held not error.

4. **Appeal and error** ⬅263(1)—Assignments to portions of charge not excepted to need not be considered.

Assignments to portions of court's charge to which no exception was taken at the time of the trial need not be considered.

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Suit by Hattie S. Boghich, as administratrix of the estate of Mark L. Boghich, against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

R. P. Reese, of Pensacola, Fla., for appellant.

Francis B. Carter, of Pensacola, Fla. (Carter & Yonge, of Pensacola, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant brought suit under the provisions of the Federal Employers' Liability Act (45 USCA §§

51–59; Comp. St. §§ 8657–8665) to recover damages for the death of her husband, alleged to have been caused by the failure of appellee to furnish a proper headlight for the engine which he was operating at the time of the fatal accident, in violation of the Federal Boiler Inspection Act, as amended by the Act of March 4, 1915 (45 USCA §§ 22–34; Comp. St. §§ 8630–8639b), and the regulations of the Interstate Commerce Commission adopted pursuant thereto.

It appears that Boghich was a locomotive engineer of long experience, and had been operating an engine on the run on which he was killed for about six months. On the fatal trip he left Pensacola at 6:20 p. m. for a run to River Junction, a distance of about 160 miles, with the headlight in good order, but for some reason it went out at Milligan, about 45 miles from Pensacola. Another bulb was put in, but would not light, and the train ran to Crestview, about 5 miles, where a small bulb was put in and the train proceeded to Cottondale, making regular stops at intermediate stations without difficulty. At Cottondale another railroad track crossed the track on which Boghich's train was running, and a passenger train, well lighted, was standing across the track. Boghich blew as usual for the stop at Cottondale, shut off steam to slow down, and then, apparently for the first time, discovered the train across the track and put on the emergency brake, but too late. The collision killed 3 people and injured 71, and Boghich received injuries from which he later died. There was no motion to direct a verdict, and the case went to the jury on a plea of not guilty and a plea denying that the defective headlight was the proximate cause of the injury, and resulted in a verdict for appellee.

There are 24 errors assigned. The first 6 run to the admission, over objection, of the rules of the company and evidence tending to show that said rules required all trains to come to a full stop before proceeding over a grade crossing of another railroad track, that decedent's attention had been called to these rules, and that he was familiar with them. The seventh error assigned is to the action of the court in charging the jury on the state law requiring all trains to stop before making a grade crossing of another road.

[1-3] It is not sufficient to merely show a violation of the Safety Appliance Acts to support a recovery. That violation must be the proximate cause of the injury; and the contributing negligence of the injured employee may be so great as to bar a recovery. Great

Northern Ry. Co. v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732. The evidence was properly admitted, and, of course, the court was bound to notice the state law.

[4] The balance of the assignments run to various portions of the charge of the court, to which no exception was taken at the time of the trial. This would be sufficient to dispose of them, but in addition we find no error in the charges given.

The record presents no reversible error. Affirmed.